Curia, per

Richardson, J.
It was contended in argument on the circuit that, in virtue of our Act of 1827, under which the indorsement was made upon the writ before us, the sheriff of any district might arrest a defendant in Trover, notwithstanding he had not been served with the writ in the district to which it'was returnable; and I so charged the jury, rather than keep them from the consideration of the merits of such a case, upon a question of construction, yet new and undecided. But I am satisfied, on more mature deliberation, that the act will not admit of this interpretation.
The Act of 1827 (p. 81*) provides, upon a proper affidavit made by the plaintiff in Trover, that an order shall issue “to all the sheriffs of the state, requiring them” &c. “to cause the defendant to enter into bond with sufficient security to the sheriff of the district in which such action shall be brought, for the production of the chattel sued for, to satisfy the plaintiff’s judgment” &c. This is a remedial statute, and is to be liberally construed for its obvious purpose of securing the plaintiff in his chattel. But though, for this end, it may be proper that after action brought the sheriff of any district where the defendant happens to be shall take a bond payable to the sheriff of the district in which the action shall have been brought; certainly it is not requisite that the action of trover shall have the peculiar privilege of being commenced in one district by service of a writ in any distant part of the state. This would be an anomaly in our juridical system, not to be introduced upon mere construction, or any thing short of the imperative letter of the act. To use a language somewhat technical, eách judicial district would then, as to the action of trover, be a *14 Westminster Plall, and all the rest be as nisi prim districts. A citizen of Pickens Court-house might be arrested and carried to make his defence in Charleston. Thus, while the first principle of our circuit system, (the original and exclusive authority of each court within its limits) was violated, its wholesome policy also'would be utterly frustrated, which intends that the tribunal of justice shall be as convenient as possible, alike to plaintiff and defendant.
Perry, for the motion.
From this position, it follows that the service in Greenville, of the writ returnable to Spartanburg, would have been void, and of course no action will lie against the sheriff for having failed to make it. A nonsuit is therefore ordered.
The whole court concurred.

 6 Stat. So. Ca. 337.